## PEACOCK *v.* PEACOCK.

No. 7619. FEBRUARY 23, 1931.

338

*Augustine Sams* and *C. Holland Feagan,* for plaintiff in error.
*McDaniel, Neely & Marshall,* contra.

RUSSELL, C. J.   The judgment of the court attached the plaintiff in error as for contempt of court by reason of his failure to pay $360 as alimony to his wife, as required by the prior judgment of the court of November 1, 1929, which was granted by Judge Pomeroy.   It is true, as stated by the trial judge in his order, that any controlling ruling which has been made in a case becomes the law of the case.   The trial court is bound thereby, although the previous ruling may have been made by another judge.   This is settled law.   But we are of the opinion that the court misconstrued the order of November 1, 1929, overruling the defendant's motion to dismiss the petition of Mrs. Peacock.   By the motion to dismiss, the defendant sought to dispose of Mrs. Peacock's petition summarily.   In overruling the motion to dismiss, the court said, in effect, that the judgment of the court as to payment of alimony would be reserved in future, subject to the original judgment rendered by Judge George L. Bell, and amended by the order and judgment of Judge E. E. Pomeroy of August 7, 1928.   The order was equivalent to the judge saying:   This decree was a consent decree. In consent decrees the parties may make agreements which are enforceable if approved by the court in its judgment and decree. There is in this decree a provision that the defendant may be relieved upon certain conditions from the payment of alimony to his wife, in

certain circumstances and conditions. There is also a provision by which the husband may again become subject to the payment of alimony if in the opinion of the court conditions and circumstances have so changed that in the judgment of the court the wife should be provided with support. In the exercise of my discretion I will not at this time pass upon the question. I overrule the demurrer, because I am of the opinion that the petition sets forth a cause of action, and therefore I overrule the defendant's motion to dismiss the plaintiff's petition.

It does not appear to us that any final determination of the case was made, or any ruling which would have precluded the defendant from contesting the payment of the alimony alleged by petitioner to be her due. In this view of the matter, we are of the opinion that the trial judge erred in awarding alimony and attaching the plaintiff in error for contempt of court. We reverse the judgment and remand the cause in order that the lower court may determine upon the trial the question whether the defendant was actually in contempt as set out in the petition, which was not decided by the court while Judge Pomeroy was presiding, and therefore did not preclude an ultimate decision upon that question by the court when Judge Thomas was presiding.

*Judgment reversed. All the Justices concur.*

GILBERT, J., concurs specially in the judgment of reversal.